The First Trust Company of Lincoln, Nebraska, Trustee appellee, v. David E. Thompson, Jr., et al., appellees, Lutheran Children's Home Society, a Corporation, Intervener, appellant, Saint Thomas Orphanage, Intervener, Cross-appellant.

25 N. W. 2d 394

Filed December 20, 1946. No. 32074.

*Erwin A. Jones,* for appellant.

*Perry, Van Pelt & Marti, Cline, Williams & Wright, Davis, Stubbs & Healey, Walter R. Johnson, Attorney General, Arthur E. Perry, R. R. Perry,* and *R. A. Boehmer,* for appellees.

Yeager, J.

By motions for rehearing it has been called to our attention that we incorrectly said in paragraph 24 of the opinion the following with regard to the Saint Thomas Orphanage: "Orphans without regard to age, sex, nationality, or color are accepted." This is an inexaction. The word "minimum" should properly have been before the word "age" in the paragraph.

Accordingly the following paragraph is substituted for paragraph 24 as it appears in the original opinion:

Under the evidence it is clear that the Saint Thomas Orphanage meets every other requirement in the restrictions upon the trust as well as every other attribute and requirement in the conduct of an orphanage. Orphans without regard to minimum age, sex, nationality, or color are accepted. Provision for proper care is provided in the institution. There can be no doubt that this institution is eligible to become a benefactor of this charitable trust and the trial court did not err or abuse its discretion in so finding and decreeing.

818

The opinion as originally adopted, with this change, is adhered to.

ORIGINAL OPINION WITH CHANGED PARAGRAPH ADHERED TO.

CARTER, J., dissenting.

The effect of the majority opinion is that the design, purpose, and use of the Saint Thomas Orphanage come more nearly within the general charitable purpose of the trust than do those of Tabitha Home.· It was for this reason that the decree of the trial court assigning the trust res equally to Saint Thomas Orphanage and Tabitha Home was reversed and the whole fund assigned to the Saint Thomas Orphanage.

The majority opinion of the court, as supplemented, recites that the Saint Thomas Orphanage is eligible to become a benefactor of the trust because it accepts orphans without regard to minimum age, sex, nationality, or color, and that provision is made for their proper care in the institution. I agree that Saint Thomas Orphanage is an eligible applicant to participate in the avails of the trust.

The majority opinion denies the right of Tabitha Home to participate in the trust res because of minimum requirements as to age for entrance into the home. The opinion recites that the constitution ·of the institution contains an inhibition against the acceptance of children under the age of three years. The record discloses, however, that the Tabitha Home does accept children under the age of three years, where to do otherwise would result in separating children of the same family. It is also disclosed by the record that children are kept in the home until they finish high school, when occasion and necessity require it. In this latter respect the eligibility requirement is less restrictive than in Saint Thomas Orphanage where they are kept only until they finish the eighth grade, which is usually at age 13 or 14. In addition thereto, children are taken into Tabitha Home from Nebraska and several surrounding states, while Saint Thomas Orphanage limits admissions to the State of Nebraska. It is my opinion that Tabitha Home is equally

qualified by virtue of the foregoing recitations to participate in this trust property.

There is an additional reason why I am of the opinion that the decree of the trial court should be affirmed. That an equity court may apply the doctrine of cy pres in a proper case, I do not question. This power, as announced by the courts of this state, is judicial in its origin and character, and consists of ascertaining and enforcing the general intention of the testator when changes of circumstances have made his specific directions incompatible with it. The district court, sitting as a court of equity, is clothed with a broad judicial discretion in the administration of charitable trusts containing a general charitable intent where the particular mode prescribed for its administration has become illegal, inadequate, or inappropriate. The action of the trial court in such a case should not be disturbed on appeal unless facts exist from which it can be said that the trial court abused the broad judicial discretion lodged with it in such cases. It is my opinion that such facts do not appear in this record. The differences in eligibility requirements set out in the opinion and the supplement thereto are too trivial to afford a basis for saying that the trial judge abused his judicial discretion in designating Tabitha Home and Saint Thomas Orphanage as recipients of the trust res, share and share alike. In my opinion, the majority have misconceived the function of this court as a reviewing court and alloted unto itself the exercise of a discretion which is lodged with the trial court. It is only where error exists which arose out of an abuse of discretion by the trial court that an interference with the judgment entered can properly be warranted. In my opinion, the evidence fails completely to show such a situation. The statement of facts as modified by the supplemental opinion are amply sufficient to sustain the trial court's decree and it should be affirmed.